JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ANDOLYN JOHNSON
Assistant United States Attorney
Nevada Bar No. 14723
400 South Virginia Street, Suite 900
Reno, Nevada 89501
(775) 784-5438
Andolyn.Johnson@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBBY JO KISSEL,<br><br>Defendant. | 3:23-CR-032-MMD-CLB<br><br>**Order Granting Stipulation to Forfeit Property as to Bobby Jo Kissel, and Order** |

The United States of America and Bobby Jo Kissel and her counsel, Jan Hubbard, agree as follows:

1. The government and Bobby Jo Kissel agree to the forfeiture of specific property and the imposition of the forfeiture of the property as set forth in Forfeiture Allegation Two of the Criminal Indictment and this Stipulation to Forfeit Property as to Bobby Jo Kissel and Order (Stipulation).

2. The following facts are to support forfeiture and are not to be used when calculating the Sentencing Guidelines. More particularly, beginning on or about January 20, 2023, Bobby Jo Kissel and others conspired to distribute and possess with the intent to distribute methamphetamine. On multiple occasions, Bobby Jo Kissel actively participated in drug sales and the distribution of drugs. On October 8, 2024, co-defendant Saul Nolasco was stopped by police and was arrested. During the stop, police found several bags of Methamphetamine and $18,400 in US Currency. The cash is proceeds of illegal drug sales.

3. The defendant knowingly and voluntarily:

    a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

        i. $18,400 in United States Currency (property);

    b. Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

    c. Forfeits the property to the United States;

    d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

    e. Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

    f. Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

    g. Waives any further notice to defendant, defendant's agents, and defendant's attorney regarding the forfeiture and disposition of the property;

    h. Agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property; agrees not to contest, and agrees not to assist any other person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings;

    i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any

/ / /

proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

      j.    Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

      k.    Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

      l.    Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

      m.    Agrees to the entry of an Order of Forfeiture of the property to the United States;

      n.    Waives the right to appeal any Order of Forfeiture;

      o.    Agrees the property is forfeited to the United States and can be taken into custody immediately by the USAO;

      p.    Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

      q.    Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

      r.    Acknowledges the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

1      s.      Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents facilitating property of illegal conduct and is forfeitable; and

      t.      Admits the property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846 and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

4.      Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

5.      This Stipulation contains the entire agreement between the parties.

6.      Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

/ / /

/ / /

7. The persons signing this Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

8. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

9. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

10. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: Sept. 30, 2024

LAW OFFICE OF JANICE HUBBARD, LLC

/s/ Jan Hubbard
JAN HUBBARD
Counsel for Bobby Jo Kissel

DATED: Sept. 30, 2024

/s/ Bobby Jo Kissel
BOBBY JO KISSEL
Defendant

DATED: Oct. 1, 2024

JASON M. FRIERSON
United States Attorney

/s/ Andolyn Johnson
ANDOLYN JOHNSON
Assistant United States Attorney

IT IS SO ORDERED:

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

DATED: October 8, 2024

5