UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-00032-MMD-CLB |
| Plaintiff, | |
| v. | ORDER |
| BOBBY JO KISSEL, | |
| Defendant. | |

## I.    SUMMARY

On March 23, 2025, the Court sentenced Defendant Bobby Jo Kissel to 120 months in custody after she pled guilty to one count of conspiracy to distribute and possess with intent to distribute a controlled substance. (ECF Nos. 154, 156.) About seven months later, on November 6, 2025, Kissel filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 162 ("Motion")[1].) Because the Court does not find Kissel has presented extraordinary and compelling reasons for her release,

[1]Kissel filed her Motion pro se. Kissel filed the Motion under seal without seeking leave of court to seal. Regardless, the Court grants leave to seal the Motion because Kissel include personal and confidential medical records as exhibits to the Motion.

The Federal Public Defender's Office filed a notice of non-supplementation pursuant to the Court's General Order 2020-06. (ECF No. 165.) Kissel then filed a motion to supplement (ECF No. 167 ("Motion to Supplement")), which the Court will grant. The government responded. (ECF No. 170.) Since then, Kissel filed a reply (ECF No. 176) and eleven supplements (ECF Nos. 172, 173, 174, 175, 177, 178, 179 180, 181, 182, 185) to assert inadequate care for medical conditions and to identify additional medical conditions since her initial filings. One supplement, ECF No. 178, references a class action by inmates at Victorville about lack of medical care.

Notably, the supplementation filed on March 19, 2026 indicates that Kissel has cancer and needs care that she is not receiving at Victorville. (ECF No. 182.) The Court directed the government to respond to Defendant's supplement. (ECF No 183.) The government's response noted that BOP medical records "do not appear to include any cancer diagnosis." (ECF No. 186 at 4; ECF No. 187 (sealed BOP medical records up to March 26, 2026 patient encounter).) Defendant filed another supplement after the Court's order in which she reiterated prior arguments. (ECF No. 185.)

the 18 U.S.C. § 3553(a) factors do not otherwise favor it, and as further explained below, the Court will deny the Motion.

## II.    BACKGROUND

On October 8, 2024, Kissel pled guilty to count one of the indictment charging her with conspiracy to possess with intent to distribute a controlled substance---methamphetamine—in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(iii).[2] (ECF No. 94.) During the period of the conspiracy, between January and October 2023, Kissel delivered and distributed methamphetamine to a DEA confidential source and was transporting a significant amount of meth—later confirmed to have a net weight of about 1800 grams with a 96% purity level—when she was stopped on October 8, 2023.

On March 24, 2025, the Court imposed a 120-month sentence, the mandatory minimum, followed by five years of supervised release.[3] (ECF Nos. 154, 156.) The Court permitted Kissel to self-surrender on June 23, 2025. (*Id.*)

## III.    DISCUSSION

Kissel seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (ECF No. 162.) This provision offers a defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "The focus of compassionate release proceedings is not on what sentence is most appropriate given the defendant's background and crime; it is on whether new circumstances warrant discretionary relief." *United States v. Bryant*, 144 F.4th 1119, 1128 (9th Cir. 2025).

---

[2]Kissel did not plead guilty pursuant to a plea agreement. (ECF No. 89.) However, the government agreed to dismiss the three remaining counts against her at sentencing. (*Id.*)

[3]The sentencing guideline range for the base offense level of 29 and criminal history category III is 120 to 135 months. Kissel's sentencing memorandum asked the Court to adopt probation's recommendation for a 120-month sentence.

2

The Court follows a multi-step process to evaluate the Motion. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). First, the Court evaluates whether Defendant has shown "extraordinary and compelling reasons" for the Court to release her under Section 3582(c)(1)(A)(i).[4] (*Id.*) Second, the Court addresses whether early release would be "consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). Third, the Court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945 (internal quotation marks omitted). The Court must find that "a defendant satisfies all three predicates before granting a motion for compassionate release"; however, the Court need not analyze all three steps to deny compassionate release. *Id.* (*citing United States v. Keller,* 2 F.4th 1278, 1284 (9th Cir. 2021)).

Here, the Court denies the Motion primarily because the Section 3553(a) factors weigh against early release.

### A.   Extraordinary and Compelling Circumstances and Applicable Policy Statements

Defendant asks for early release "due to the need to take care of [her] medical conditions," contending she is not receiving adequate medical care at Victorville. (ECF No. 162 at 1.) Kissel identified the following medical conditions: chronic obstructive pulmonary disease (COPD), Raynaud's syndrome, chronic anemia, and asthma.[5] (*Id.*) The Motion to Supplement listed "COPD, infarction on [her] spleen, raynons, and Scarladylal." (ECF No. 167 at 1.)  Her later supplements identified lupus, atrial fibrillation (ECF No. 177), and cancer in her uterus (ECF No. 182). Defendant contends that she is

---

[4]There is no dispute that Kissel has exhausted her administrative remedies by first trying to petition for compassionate release within the Bureau of Prisons. (ECF No. 162 at 70.)

[5]The Presentence Investigation Report's summary of Defendant's physical condition identified similar medical issues: Raynaud's Phenomenon, COPD, splenic infarction, elevated blood pressure without diagnosis of hypertension, "severe persistent asthma" diagnosed in 2020.

not receiving needed medications, which she needs to "live longer," and her "knee is about to give out because according to the physical therapist of [her] Scarladylal." (*Id.*)

Under the FSA, any sentence reduction for "extraordinary and compelling circumstances" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The potentially relevant medical circumstances that may constitute extraordinary and compelling reasons for early termination are prescribed in Section 1B1.13(b)(1)(C):[6]

> (C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

The government's response argues that Kissel failed to meet her burden to demonstrate her serious medical conditions qualified as "extraordinary and compelling circumstances," pointing to a lack of evidence of current conditions or care in the facility and evidence that she has been receiving treatments based on information in some of her supplements. (ECF No. 170 at 4, n. 2.) The government's supplement reiterates its argument that Defendant's "claims of lack of medical care and certain diagnoses are unsubstantiated at this time." (ECF No. 186 at 5.) The Court agrees with the government.

However, even assuming that Kissel's medical situation is an extraordinary and compelling circumstance under Section 1B1.13(b)(1)(C)[7], the Court finds the third predicate is not satisfied.

---

[6]Based on Kissel's representation, it does not appear that her medical circumstances fall within the other provisions under Section 1B1.13(b)(1). For example, Section 1B1.13(b)(1)(B) covers a serious medical condition "that substantially diminishes the ability of defendant to provide for self-care within the environment of a correctional facility and from which he or she is not expected to recover." Kissel's description of her medical conditions, assuming they are serious within this provision, do not involve assertion of an inability to care for herself within the correctional environment.

[7]Kissel offers other reasons that she argues are extraordinary and compelling and are consistent with the Sentencing Commission's policy statements in Section 1B1.13. For example, she asserts that her sentence is extraordinarily lengthy, particularly given the sentence of her co-defendants. (ECF No. 162 at 4.) It should be noted that Kissel received the mandatory minimum, which was also a low-end guideline sentence, as she requested in her sentencing memorandum. Importantly, "compassionate release addresses post-sentencing changes to the defendant's circumstances," and "sentencing disparity with a codefendant is not 'similar in gravity' to the circumstances that are defined

**B.     Section 3553(a) Factors**

The Court must next consider the factors set forth in Section 3553(a) to the extent they are applicable "to determine whether the requested sentence reduction is warranted under the particular circumstances of the case." *Bryant*, 144 F.4th at 1123 (quoting *Wright,* 46 F.4th at 945). Section 3553(a) allows the Court to consider "facts that existed at sentencing, like 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant.'" 18 U.S.C. § 3553(a)(1)-(7).

The Court addressed the Section 3553(a) factors in sentencing Defendant and does not revisit all the factors here.[8] As the Court found then, there is no question the offense here—participating in an enterprise that distributed significant meth into this community—is extremely serious. Kissel argues she has engaged in rehabilitation, is not a violent offender, and is considered "a low-recidivism inmate." (ECF No. 162 at 7.) The Court considered these factors at sentencing in evaluating Kissel's history and characteristics, including Kissel's medical issues. The passage of time since sentencing about a year ago has not caused the Court to reconsider its analysis. Said otherwise, Kissel does not present compelling arguments of newly changed circumstances to cause the Court to grant discretionary relief.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

as extraordinary and compelling under Section 1B1.13(b)(1). *See Bryant,* 144 F.4th at 1129. Moreover, as the government points out, Section 1B1.13(b)(1)(6) considers the situation where a defendant "received an unusually lengthy sentence and has served at least 10 years," whereas here, Kissel has served less than a year. (ECF No. 170 at 5.) Kissel also contends she has shown "extraordinary rehabilitation," citing to working three jobs, volunteering in food service, studying to prepare for taking the GED when she is not working, and generally participating in various programs. (ECF No. 162 at 5-6.) While it is commendable that Kissel is working on rehabilitation, rehabilitation alone is not an extraordinary and compelling reason under Section 1B1.13(d).

[8]Defendant makes several arguments that are not relevant to the Court's analysis of the Section 3553(a) factors. Kissel argues the Court did not apply the safety-valve. (ECF No. 162.) Kissel argues that amendment to the Sentencing Guidelines would have affected her sentence. (ECF No. 162 at 8.) The Court previously rejected Kissel's motion for reduction of her sentence on the same ground. (ECF No. 161.)

determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 162) is denied.

It is further ordered that Defendant's Motion remain under seal because Defendant attached exhibits that contain confidential medical information. However, the Court directs the Clerk of Court to kindly file copy of Defendant's Motion (without exhibits), consisting of pages 1-8 on the public docket, as the unsealed version of the Motion.

It is further ordered that Defendant's motion to supplement (ECF No. 167) is granted.

It is further ordered that the government's motion to seal exhibit that contains Defendant's medical records (ECF No. 188) is granted.

DATED THIS 13th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

.

6